**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| JESSIE KARNELL, On Behalf of Herself and All Others Similarly Situated, <br><br> *Plaintiff,* <br><br> v. <br><br> REVELETTE ENTERPRISES, LLC, REVELETTE HOSPITALITY, LLC, ARJN, LLC, ARJN #3, LLC, JONATHAN'S GRILLE – GREEN HILLS, LLC, JONATHAN'S GRILLE – HENDERSONVILLE, LLC, JONATHAN'S GRILLE – SPRING HILL, LLC, JONATHAN'S GRILLE – MURFREESBORO, LLC, JONATHAN'S GRILLE – PROVIDENCE, LLC, JONATHAN'S GRILLE – EAST RIDGE, LLC, JONATHAN'S GRILLE – CLIFT FARMS, LLC, THE RUTLEDGE RESTAURANT, LLC, THE RUTLEDGE – FOUR SEASONS NASHVILLE, LLC, MASON REVELETTE, and CURTIS REVELETTE, <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) **COLLECTIVE ACTION** ) ) **CASE NO. _____** ) ) **JUDGE _____** ) ) **JURY DEMAND** ) ) ) ) ) ) ) ) ) |

## COLLECTIVE ACTION COMPLAINT

1.        Plaintiff Jessie Karnell ("Plaintiff") brings this action against Defendants Revelette

Enterprises, LLC, Revelette Hospitality, LLC, ARJN, LLC, ARJN #3, LLC, Jonathan's Grille –

Green Hills, LLC, Jonathan's Grille – Hendersonville, LLC, Jonathan's Grille – Spring Hill, LLC,

Jonathan's Grille – Murfreesboro, LLC, Jonathan's Grille – Providence, LLC, Jonathan's Grille –

East Ridge, LLC, Jonathan's Grille – Clift Farms, LLC, The Rutledge Restaurant, LLC, The

Rutledge – Four Seasons Nashville, LLC, Mason Revelette, and Curtis Revelette (collectively,

"Defendants"), to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff asserts these claims as a collective action on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2.     Defendants comprise a single enterprise that owns and operates several restaurants at which Plaintiff and those similarly situated have worked as members of management, including Jonathan's Grille restaurants in Tennessee and Alabama and The Rutledge restaurant in Tennessee. Plaintiff and those similarly situated have worked as general managers, assistant managers, and other similar management positions at Jonathan's Grille locations and receive a combination of a shift rate and hourly rate of pay, but no overtime premium pay for hours over 40 in a workweek. In other words, these employees: (1) receive pay based on the amount of recorded time worked; (2) work in excess of 40 hours in some workweeks; and (3) do not receive one and one-half times their regular hourly rate when they work overtime. Additionally, these employees are expected to perform a number of management responsibilities without pay while not clocked in, including for example attending meetings, answering phone calls from subordinates as well as owners when away from work, returning to work for urgent issues, etc. Because this work is not recorded in the timekeeping system, it is entirely uncompensated. Thus, Plaintiff and those similarly situated receive no overtime pay for this work.

## I. VENUE

3.     This Court has jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and raise a federal question pursuant to 28 U.S.C. § 1331.

4.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and conducts business in this district.

## II. PARTIES

5.     Plaintiff is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff was employed by Defendants from approximately August 2016 to October 2021 first as a server, then later as a bartender, and eventually as an assistant manager (beginning in approximately March 2017) and a general manager (beginning in approximately early 2018), working at various of Defendants' restaurants. As a member of management, Plaintiff worked at the following Jonathan's Grille locations: Green Hills, Hendersonville, Spring Hill, Germantown, and Chattanooga. Plaintiff also worked in this capacity at The Rutledge in Franklin, Tennessee.

6.     Plaintiff brings this action on behalf of herself, and all similarly situated employees who have worked as members of management who Defendants pay based on the amount of recorded work time (*e.g.*, general managers, assistant managers, etc.).

7.     Defendant Revelette Enterprises, LLC, is a Tennessee limited liability company with its principal address at 5209 Colfax Court, Brentwood, Tennessee, 37027-3013.

8.     Defendant Revelette Hospitality, LLC, is a Tennessee limited liability company with its principal address at 717 3rd Avenue North, Nashville, Tennessee, 37201-1018.

9.     Defendant ARJN, LLC, is a Tennessee limited liability company with its principal address at 7135 South Springs Drive, Franklin, Tennessee, 37067-1616.

10.     Defendant ARJN #3, LLC, is a Tennessee limited liability company with its principal address at 7653 Highway 70 South, Nashville, Tennessee 37221-1706.

11.     Defendant Jonathan's Grille – Green Hills, LLC, is a Tennessee limited liability company with its principal address at 717 3rd Avenue North, Nashville, Tennessee, 37201-1018.

12.     Defendant Jonathan's Grille – Hendersonville, LLC, is a Tennessee limited liability

company with its principal address at 307 Indian Lake Boulevard, Hendersonville, Tennessee 37075-6218.

13.     Defendant Jonathan's Grille – Spring Hill, LLC, is a Tennessee limited liability company with its principal address at 2056 Crossings Circle, Spring Hill, Tennessee, 37174-2779.

14.     Defendant Jonathan's Grille – Murfreesboro, LLC, is a Tennessee limited liability company with its principal address at 2911 Medical Center Parkway, Murfreesboro, Tennessee, 37219-2282.

15.     Defendant Jonathan's Grille – Providence, LLC, is a Tennessee limited liability company with its principal address at 613 South Mount Juliet Road, Mount Juliet, Tennessee, 37122-6319.

16.     Defendant Jonathan's Grille – East Ridge, LLC, is a Tennessee limited liability company with its principal address at 7135 South Springs Drive, Franklin, Tennessee, 37067-1616.

17.     Defendant Jonathan's Grille – Clift Farms, LLC, is an Alabama limited liability company that has not listed its principal address with the Alabama Secretary of State.

18.     According to Madison County property records, Defendant Jonathan's Grille – Clift Farms, LLC, which corresponds to Jonathan's Grille's Clift Farms location, occupies a property at 8184 Highway 72 West, Madison, Alabama, which is owned by Defendant Revelette Enterprises, LLC.

19.     Defendant The Rutledge Restaurant, LLC, is a Tennessee limited liability company with its principal address at 105 International Drive, Franklin, Tennessee 37067-1760.

20.     Defendant The Rutledge – Four Seasons Nashville, LLC, is a Tennessee limited liability company with its principal address at 717 3rd Avenue North, Nashville, Tennessee, 37201-1018.

21.     Defendants Revelette Enterprises, LLC, Revelette Hospitality, LLC, ARJN, LLC, ARJN #3, LLC, Jonathan's Grille – Green Hills, LLC, Jonathan's Grille – Hendersonville, LLC, Jonathan's Grille – Spring Hill, LLC, Jonathan's Grille – Murfreesboro, LLC, Jonathan's Grille – Providence, LLC, Jonathan's Grille – East Ridge, LLC, Jonathan's Grille – Clift Farms, LLC, The Rutledge Restaurant, LLC, and The Rutledge – Four Seasons Nashville, LLC, are referred to collectively as the "Entity Defendants."

22.     Upon information and belief, Defendant Mason Revelette resides in Davidson County at 1616 West End Avenue, Unit 1711, Nashville, Tennessee, 37203.

23.     Upon information and belief, Defendant Curtis Revelette resides in Davidson County at 4 Morningside, Nashville, Tennessee, 37215.

24.     Defendants Mason Revelette and Curtis Revelette are referred to collectively as the "Individual Defendants."

25.     The Individual Defendants own, operate, oversee, manage, and profit from the Jonathan's Grille and The Rutledge restaurants.

26.     The Individual Defendants hold themselves out publicly as owners and executives of the Jonathan's Grille and The Rutledge restaurants.

27.     The Individual Defendants directly supervise and have supervised the management employees, including Plaintiff and those similarly situated, and day-to-day operations of the Jonathan's Grille and The Rutledge restaurants.

28.     The Individual Defendants employ all employees of the Jonathan's Grille and The Rutledge restaurants and make all decisions regarding the manner and method of payment of employees, including management employees such as Plaintiff and those similarly situated.

29.     The Individual Defendants own and operate the Jonathan's Grille and The Rutledge

restaurants and exercise their authority as employers through the Entity Defendants.

30. The Entity Defendants share common management and ownership, including for example the Individual Defendants and, as reported in the media in April 2022, a single Chief Financial Officer, Ted Moats.

31. The Entity Defendants rely on common registered agents who can be served at a common group of addresses.

32. The Entity Defendants rely on common addresses as principal places of business.

33. The Entity Defendants share and use common properties owned by other Entity Defendants.

34. The Defendants share employees and move employees between their various restaurants. For example, Plaintiff worked at various different Jonathan's Grille and The Rutledge restaurants during her employment.

35. In sum, together all Defendants act as a single business enterprise that owns, operates, oversees, manages, and profits from the Jonathan's Grille and The Rutledge restaurants.

36. At all relevant times, Defendants have been regularly engaged in interstate commerce and/or the production of goods for interstate commerce.

37. At all relevant times, Defendants have been employers within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

### III. FACTS

38. Plaintiff and similarly situated employees are current and former management employees at Jonathan's Grille and The Rutledge restaurants.

39. Defendants compensate management employees, including Plaintiff and similarly situated employees, based on the amount of work time recorded in the timekeeping system.

6

40. However, Defendants do not pay management employees, including Plaintiff and similarly situated employees, overtime pay at one and one-half times their regular rates of pay for work time in excess of 40 hours in a workweek.

41. Management employees, including Plaintiff and similarly situated employees, frequently work in excess of 40 hours in a workweek.

42. Defendants expect management employees, including Plaintiff and similarly situated employees, to perform work activities while not clocked in—*i.e.*, without pay—including, but not limited to, attending meetings, responding to work-related emails, answering work-related phone calls from subordinates and owners, and returning to restaurants for urgent issues.

43. Frequently this uncompensated work time is also overtime work—*i.e.*, work in excess of 40 hours in a workweek.

44. Defendants knew and acted with reckless disregard of the fact that its policies for management employees violate the FLSA.

## IV. COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of all similarly situated individuals who fall into the following definition and join this action by filing a consent form:

> All current and former management employees (including, for example, general managers, assistant managers, etc.) who have been paid a shift rate for their work at any Jonathan's Grille or The Rutledge restaurant since May 24, 2019.

46. Plaintiff's claims should proceed as a collective action because Plaintiff and all management employees worked pursuant to the common pay policies described herein and are therefore "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

7

## V. CAUSES OF ACTION

## COUNT I
## OVERTIME VIOLATIONS

47.     All previous paragraphs are incorporated as though fully set forth herein.

48.     Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

49.     At all times material to the allegations herein, Plaintiff was an employee of Defendant and entitled to the FLSA's protections.

50.     Defendants are employers covered by the FLSA.

51.     The FLSA requires employees be paid for all time worked.

52.     The FLSA entitles employees to a minimum hourly wage of $7.25 per hour for every hour worked. *See* 29 U.S.C. § 206(a).

53.     The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) hours in a workweek. *See* 29 U.S.C. § 207.

54.     As alleged herein, Defendants pay Plaintiff and those similarly situated based on the amount of work time recorded.

55.     As alleged herein, Defendants fail to pay Plaintiff and those similarly situated for recorded overtime hours (*i.e.*, hours worked in excess of 40 in a workweek) at one and one-half times their regular rate of pay.

56.     As alleged herein, Defendants also fail to pay Plaintiff and those similarly situated for all time they spend working while not clocked in, including overtime hours (*i.e.*, hours worked in excess of 40 in a workweek).

57.     As a result, Defendants fail to pay Plaintiff and those similarly situated for all

overtime hours worked at the statutorily mandated overtime rate of pay in violation of the FLSA.

58. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. A finding that Defendants have violated the FLSA;

B. A finding that Defendants' FLSA violations are willful;

C. A judgment against Defendants and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages Defendants have failed and refused to pay in violation of the FLSA;

D. Prejudgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the FLSA;

F. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

G. Such other and further relief as this Court deems just and proper in equity under the law.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: May 24, 2022                              Respectfully submitted,

                                                /s/ Joshua A. Frank
                                                **DAVID W. GARRISON (No. 24968)**
                                                **JOSHUA A. FRANK (No. 33294)**
                                                BARRETT JOHNSTON MARTIN & GARRISON, LLC
                                                Philips Plaza
                                                414 Union Street, Suite 900

Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiff*