IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JESSIE KARNELL, On Behalf of Herself and All Others Similarly Situated, | ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | |
| REVELETTE ENTERPRISES, LLC, REVELETTE HOSPITALITY, LLC, ARJN, LLC, ARJN #3, LLC, JONATHAN'S GRILLE – GREEN HILLS, LLC, JONATHAN'S GRILLE – HENDERSONVILLE, LLC, JONATHAN'S GRILLE – SPRING HILL, LLC, JONATHAN'S GRILLE – MURFREESBORO, LLC, JONATHAN'S GRILLE – PROVIDENCE, LLC, JONATHAN'S GRILLE – EAST RIDGE, LLC, JONATHAN'S GRILLE – CLIFT FARMS, LLC, THE RUTLEDGE RESTAURANT, LLC, THE RUTLEDGE – FOUR SEASONS NASHVILLE, LLC, MASON REVELETTE, and CURTIS REVELETTE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | COLLECTIVE ACTION<br><br>CASE NO. 3:22-cv-00380<br><br>JUDGE TRAUGER<br><br>JURY DEMAND |
| *Defendants*. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' JOINT MOTION FOR APPROVAL OF THEIR SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Named Plaintiff Jessie Karnell, on behalf of herself and the Opt-In Plaintiffs, (collectively, "Plaintiffs") in this Fair Labor Standards Act ("FLSA") collective action, proceeding pursuant to 29 U.S.C. § 216(b) and Defendants Revelette Enterprises, LLC; Revelette Hospitality, LLC; ARJN, LLC; ARJN #3, LLC; Jonathan's Grille – Green Hills, LLC; Jonathan's Grille – Hendersonville, LLC; Jonathan's Grille -Spring Hill, LLC; Jonathan's Grille – Murfreesboro, LLC; Jonathan's Grille – Providence, LLC; Jonathan's Grille – East Ridge, LLC; Jonathan's Grille – Clift Farms, LLC; The Rutledge – Four Seasons Nashville, LLC; Mason Revelette; and Curtis

Revelette (collectively "Defendants") submit this memorandum in support of their Joint Motion for Approval of Settlement and Dismissal with Prejudice.

## I. SUMMARY OF CASE AND PROPOSED SETTLEMENT AGREEMENT

Named Plaintiff brought this action on behalf of herself and other similarly situated employees of Defendants who are current and/or former management employees (including, for example, general managers, assistant managers, etc.) who have been paid a shift rate for their worked at any Jonathan's Grille or The Rutledge restaurant since May 19, 2019. This case was filed on May 25, 2022 to challenge Defendants' practice of paying their management employees based on a shift rate, which Plaintiff alleges violated the salary basis requirement of the Fair Labor Standards Act ("FLSA"). (Doc. No. 1).

On June 28, 2022, Named Plaintiff Karnell filed a motion with this Court requesting an order conditionally certifying her proposed class of employees, and authorizing notice to those individuals. (Doc. No. 9). Ultimately, the Parties reached an agreement on how to resolve Plaintiff's motion for conditional certification and notice, subject to Court approval. (Doc. No. 19). This proposed agreement was set forth by the Parties in a Joint Motion and Stipulation filed on July 17, 2022. *Id.* On July 18, 2022, the Court granted the Parties' Joint Motion. (Doc. No. 20). Through the Court-approved notice process, 13 Plaintiffs, including the Named Plaintiff, asserted their FLSA claim in this action to recover overtime Named Plaintiff alleged they are owed.

The Parties represent that the terms of their Agreement represent a fair and reasonable compromise of the claims in this action.

## II. THE PARTIES' SETTLEMENT FOR WAGES, ATTORNEYS' FEES, AND SERVICE PAYMENTS IS FAIR AND REASONABLE AND SHOULD BE APPROVED.

Courts review settlements under the FLSA to ensure that they are fair and reasonable. *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1028 (W.D. Tenn.

2016); *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-CV-02239-JPM, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Rampersad v. Certified Installation LLC*, No. 1:12-cv-00032, 2012 WL 5906878, at *1 (E.D. Tenn. Nov. 26, 2012). The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *Massiah v. Metroplus Health Plan, Inc.*, No. 11-cv-5669, 2012 WL 5874655, at *5 (E.D.N.Y. Nov. 20, 2012); *Trauth v. Spearmint Rhino Cos. Worldwide*, No. 09-cv-1316, 2012 WL 4755682, at *5 (C.D. Cal. Oct. 5, 2012); *cf. O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (standards for certification of an FLSA collective action are less stringent than under Rule 23). This is because, unlike in a Rule 23 class action, there are no absent class members in a 216(b) collective action. Rather, in a 216(b) collective action like this one, each Opt-In Plaintiff has affirmatively consented to join the case as a plaintiff and agreed to be bound by any judgment or settlement reached by the Named Plaintiff and her counsel.

An FLSA settlement need only reflect a reasonable compromise of contested litigation involving a *bona fide* dispute between the parties. *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. Civ. A. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008) (citations omitted); *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Rampersad*, 2012 WL 5906878, at *1; *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012).

### A. The proposed settlement represents a fair and reasonable compromise of Plaintiffs' claims.

The proposed settlement represents a fair and reasonable compromise of Plaintiffs' claims. The Parties have several *bona fide* disputes over the issues in this litigation, including, but

not limited to: (i) whether the certification and trial of this case as a collective action is appropriate; (ii) whether Defendants' practice of paying management employees based on a shift rate violated the FLSA; (iii) the applicable statute of limitations, pursuant to 29 U.S.C. § 255; and (iv) the amount of damages if any. With these issues in mind, the parties focused their initial exchange of discovery on the exchange of information necessary to allow each side to assess the strengths and weakness of Plaintiffs' claims. Armed with that information, the parties engaged in mediation that was facilitated by Michael Russell, an experienced mediator in wage-and-hour collective action litigation. In light of the considerable risk, cost, and uncertainty of continued litigation, the Parties submit that their Settlement Agreement should be approved by the Court as fair and reasonable.

Importantly, the formula used by the Plaintiffs' counsel to calculate each Opt-In Plaintiffs' damages was based on information exchanged during discovery and reflects a data-driven compromise of the disputed factual issues in the case and on time estimates provided by Plaintiffs. The central dispute in this case was whether Defendants paid Plaintiffs based on a salary basis, or not. While Defendants deny *any* liability, Plaintiff would have to prove, for each workweek, that Defendants' practices violated the FLSA for each such workweek. Recognizing the uncertainties and risks inherent in litigation, Plaintiffs and Defendants ultimately reached a compromise that pays the Named and Opt-In Plaintiffs $75,000 for their FLSA claims (excluding the proposed service payment).

Based on the pay and time data provided to Plaintiffs by Defendants and based on Plaintiffs' estimates of unrecorded work time, this amount represents a full recovery of unpaid overtime wages the Named and Opt-In Plaintiffs could have recovered for the three-year FLSA statute of limitations had they prevailed on their theory that Defendants' violated the FLSA by failing to pay them based on a salary basis. This amount would include a portion of Plaintiffs' estimated liquidated damages, but not include a full award of liquidated damages.

4

Of course, Defendants dispute several issues in this action, including, their liability to the Plaintiffs, as well as the applicable statute of limitations, an award of liquidated damages, and the amount of unrecorded work time, if any. Thus, there are several risks associated with Plaintiffs' claims, including the Court granting Defendants' eventual dispositive motions, the Court granting a motion by Defendants for decertification, the high burden of proving that Defendants' violations were willful, Defendants' potential good faith defense to liquidated damages, and the Court or jury finding that Plaintiffs had not proven damages for all workweeks. Given these risks, Plaintiff and her counsel submit that the settlement clearly represents a fair and reasonable resolution.

Likewise, the other terms of the Settlement Agreement are the product of good-faith, arms-length negotiations during a mediation attended by the Parties and their counsel. For example, Named Plaintiff is to receive separate consideration of $5,000.00 as a service payment for her substantial efforts on behalf of the Opt-In Plaintiffs and her assistance to counsel and for the release of any additional claims that she may have raised. Named Plaintiff's efforts in this case were substantial. She spoke extensively with counsel during the investigation stage of this case prior to the filing of the initial complaint in this case. *See* Declaration of David Garrison ("Garrison Decl.") at ¶¶ 15-16. Named Plaintiff also worked to ensure that others with whom she was in contact and who had expressed a desire to join with her in this collective action received the necessary information to join the case. *Id.* Named Plaintiff participated in the mediation and in the negotiations that followed the mediation for several weeks, which resulted in the proposed settlement for the Court to consider. *Id.* As noted above, as a result of Plaintiff's efforts, a resolution was reached that will pay Plaintiffs an amount approximately equal to a full recovery of overtime wages under a three-year statute of limitations, including an amount based on their estimates of unrecorded time.

5

Under such circumstances, courts routinely approve similar service payments in line with what the settlement agreement here would provide for Named Plaintiff. *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-cv-1061, 2013 WL 2295880, at *5 (S.D. Ohio May 24, 2013) (approving service payment of $12,500 to the named plaintiff in FCRA case where class members received either $260 or 1,000 each, finding "that the incentive award does not undermine the fairness of the settlement"); *Dallas v. Alcatel-Lucent USA, Inc.,* No. 09-14596, 2013 WL 2197624, at *11 (E.D. Mich. May 20, 2013) (incentive payments justified where plaintiffs "responded to discovery requests, including document productions; participated in many conferences with Plaintiffs' counsel; and took the risk of joining this litigation at an early stage"); *Brent v. Midland Funding, LLC*, 2011 WL 3862363, at *15 (N.D. Ohio Sept. 1, 2011) (finding incentive payments justified).

Named Plaintiff's substantial efforts, and the outcome achieved as a result of those efforts, justifies her service payment. Moreover, in exchange for her service payment, Named Plaintiff has agreed to a general release of claims she may have against Defendants.

**B. The proposed settlement provides for a payment of Plaintiffs' attorneys' fees and expenses that is fair and reasonable.**

The settlement of Plaintiffs' attorneys' fees and expenses for $45,000.00 represents a payment less than the lodestar accrued in this litigation. *See* Garrison Decl. at ¶¶ 7-11. The FLSA's fee-shifting language provides that a prevailing plaintiff shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). "Indeed, an 'award of attorneys' fees under the FLSA is mandatory . . . .'" *Thompson v. United Stone, LLC*, No. 1:14-cv-224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015) (citations omitted). "[T]he purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994)

6

(quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984)).

The starting point in calculating a "reasonable" attorney fee is typically the determination of the fee applicant's "lodestar," which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Here, Plaintiffs' counsel's actual fees through the date of this filing, based on the number of hours expended multiplied by the attorneys' regularly hourly billing rates is approximately $50,000.00. *See* Garrison Decl. at ¶ 7. This is based on 142.5 hours billed by Plaintiffs' attorneys and professional staff at hours approved by this Court for this type of litigation. *See id.* at ¶¶ 8-11.

Plaintiff has also incurred expenses totaling $4,784.73 as of the date of this filing. *Id.* In total, Plaintiffs have incurred a total of nearly $55,000.00 in fees and expenses in this matter. Accordingly, the proposed payment of $45,000.00 for attorneys' fees and expenses would therefore "not produce [a] windfall[]" to Plaintiff's counsel and confirms its reasonableness. *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (citations omitted). In fact, it represents a significant compromise of the fees that Plaintiffs could have expected to recover had this litigation proceeded through trial.

Plaintiffs' counsel's fees are based on hourly rates that are reasonable. Whether an hourly rate is reasonable should be considered in the context of "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Monroe v. FTS USA, LLC*, No. 2:08-cv-2100, 2014 WL 4472720 at *9 (W.D. Tenn. July 28, 2014) (noting, in the FLSA context, that an attorney's reasonable hourly rate should begin with an assessment of the "prevailing market rate"). The hourly rates billed by each of the attorneys who worked on this case and for whom

7

compensation is sought are reflected in the declaration of undersigned counsel. *See* Garrison Decl. at ¶ 9. The hourly rates, upon which Plaintiffs' counsel's lodestar is based, are reasonable. Indeed, the hourly rate structure used by Barrett Johnston Martin & Garrison, LLC has been approved by this Court in this very type of litigation. *See id.* at ¶ 10.

As the Supreme Court has held, "there is a 'strong presumption' that the lodestar figure is reasonable[.]" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986), *supplemented*, 483 U.S. 711 (1987) ("A strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee is wholly consistent with the rationale behind the usual fee-shifting statute . . . ."); *McCutcheon*, 2013 WL 4521016, at *1 (citation omitted) ("[T]here is "a 'strong presumption' that the lodestar 'represents a reasonable fee.'"); *Mathis v. Wayne Cty. Bd. of Educ.*, No. 1:09-cv-0034, 2011 WL 3320966, at *8 (M.D. Tenn. Aug. 2, 2011) (Trauger, J), *aff'd*, 496 F. App'x 513 (6th Cir. 2012) ("If the requested fee is essentially in line with the 'lodestar,' then there is a strong presumption that the requested fee is reasonable and recoverable.") (footnote omitted).

Given the reasonableness of Plaintiff's counsel's hourly rates and hours expended, the strong presumption that the lodestar represents a reasonable fee confirms the reasonableness of the fee request. Therefore, Plaintiffs' Counsel respectfully submits that the agreed-upon fee and expense award – a reduction from their fees incurred in this case based on their reasonable hourly rates – is fair and reasonable and should be approved.

### III. CONCLUSION

For the reasons stated above, the Parties submit that the Court should approve all aspects of the Settlement Agreement as fair and reasonable, and enter the proposed order attached to their Motion approving the settlement and dismissing this case with prejudice.

Dated: January 30, 2023

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
**NICOLE A. CHANIN (No. 40239)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

*Attorneys for Plaintiff*

s/ Margaret R.T. Myers (with permission by David W. Garrison)
**MARGARET R.T. MYERS**
**ROCKLAN W. KING**
Adams and Reese LLP
1600 West End Ave., Suite 1400
Nashville, TN 37203
Telephone: (615) 259-1450
Facsimile: (615) 259-1470
margaret.myers@arlaw.com
rocky.king@arlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this *Memorandum of Law In Support of the Parties' Joint Motion for Approval of their Settlement Agreement And Dismissal with Prejudice* was filed electronically with the Clerk's office by using the CM/ECF system and served on the following counsel for Defendants as listed below on January 30, 2023.

Margaret R.T. Myers
Rocklan W. King
Adams and Reese LLP
1600 West End Ave., Suite 1400
Nashville, TN 37203
Telephone: (615) 259-1450
Facsimile: (615) 259-1470
margaret.myers@arlaw.com
rocky.king@arlaw.com

*Attorneys for Defendants*

/s/ David W. Garrison
DAVID W. GARRISON
**BARRETT JOHNSTON
    MARTIN & GARRISON, LLC**